UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

STACEY MORTILLARO,

                              Plaintiff,

           v.

UNITED STATES OF AMERICA,

                              Defendant.

---

**MEMORANDUM AND ORDER**

2:21-CV-00852 (LDH) (ARL)

LASHANN DEARCY HALL, United States District Judge:

Stacey Mortillaro ("Plaintiff") brings the instant action against the United States of America ("Defendant"), asserting claims pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671 et. seq.  Defendant moves to dismiss the complaint in its entirety for lack of subject matter jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment pursuant to Rule 56.

## BACKGROUND[1]

On June 25, 2019, Plaintiff slipped and fell at a United States Postal Services ("USPS") office in East Northport, New York.  (Compl. ¶ 12, ECF No. 1.)  According to Plaintiff, the fall resulted from "dangerous conditions" between the front door and lobby door.  (*Id.*)  As a result, Plaintiff sustained permanent, "serious personal injuries . . . suffered shock, [and] suffered a stroke, pain and mental anguish."  (*Id.* ¶ 15.)  Plaintiff "presented" her claim for damages resulting from the incident to the United States Postal on July 31, 2019.  (*Id.* ¶ 2.)  Defendant

---

[1] The following facts are taken from the complaint and are assumed to be true for purposes of deciding the instant motion.

refused to pay Plaintiff.  (*Id* ¶ 3.)  Plaintiff commenced this action on February 17, 2021.  (*See generally* Compl.*)

## STANDARD OF REVIEW

When a party moves for dismiss under Rule 12(b)(1) and on other grounds, courts consider the Rule 12(b)(1) challenge first.  *See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).  If a court finds that it lacks subject matter jurisdiction, then "the accompanying defenses and objections become moot."  *Id.*  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "If a court lacks subject matter jurisdiction, it must dismiss the action."  *Shuford v. United States*, No. 13-CV-06303, 2014 WL 4199408, at *1 (E.D.N.Y. Aug. 21, 2014).  A court evaluating a motion to dismiss under Rule 12(b)(1) "accepts as true all factual allegations in the complaint but does not draw inferences favorable to the party asserting jurisdiction."  *Foad v. Holder,* No. 13-CV-6049, 2015 WL 1540522, at *2 (E.D.N.Y. Apr. 7, 2015) (citing *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 100 (2d Cir. 2004)).  A plaintiff asserting subject matter jurisdiction must prove by a preponderance of the evidence that subject matter jurisdiction exists.  *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).

The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are substantively "identical."  *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 169 n.3 (2d Cir. 1999).  To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible

2

when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

## DISCUSSION

The FTCA states, *inter alia*, that "[a]n action shall not be instituted . . . against the [Government] for money damages for injury" resulting from the negligence of "any employee of the Government" unless "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C § 2675(a). In other words, "[t]he FTCA requires that a claimant exhaust all administrative remedies" by presenting her claim to the appropriate agency "before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). To "present" her claim to the appropriate federal agency, a plaintiff "must provide the agency with enough information to permit it to conduct an investigation and to estimate the claim's worth." *Yunkeung Lee v. United States*, 570 F. App'x 26, 27 (2d Cir. 2014), *as corrected* (June 23, 2014) (quotation marks and citation omitted). "Although the presentment need not meet formal pleading standards, the requirement is jurisdictional and must be adhered to strictly." *Id.* (quotation marks and citation omitted). Importantly, "[t]he burden is on the plaintiff to both plead and prove compliance with

3

the [FTCA's] statutory requirements." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987).

Defendant argues that Plaintiff failed to present a claim for injuries alleged in the Complaint and thus failed to exhaust her administrative remedies prior to initiating this lawsuit. (Def.'s Pre-Mot. Conf. Ltr. ("PMC Ltr.") at 3, ECF No. 11.)  In support of its argument, Defendant contends that the SF-95[2] form Plaintiff filed with the United States Postal Office listed only a "fractured femur" resulting from Defendant's alleged negligence but not the stroke or shock Plaintiff alleges in the Complaint.  (*Id.*; *see also* Compl. ¶ 15 (Plaintiff alleges "serious personal injuries" and that she "suffered shock, suffered a stroke, pain and mental anguish."))  As such, according to Defendant, Plaintiff did not adequately "present" her claims to the government prior to initiating this lawsuit and thus did not exhaust her administrative remedies. (PMC Ltr. at 3.)  As a result, as Defendant argues, the Court lacks subject matter jurisdiction to hear Plaintiff's claim.  (*Id.*)  Plaintiff does not address Defendant's argument concerning her SF-95 form and instead argues that the complaint sufficiently identifies Plaintiff's injuries.  (Pl.'s Pre-Mot. Conf. Opp'n ("Pl.'s Opp'n") at 3, ECF No. 14.)  Plaintiff's argument misses the mark. That is, Defendant's argument centers on whether the SF-95 form adequately presented the claims Plaintiff brings in this instant action and not whether the complaint identifies Plaintiff's injuries with specificity.

In any event, the Court need look further than the complaint to determine that Plaintiff has failed to plead allegations showing that she exhausted her administrative remedies prior to initiating this lawsuit.[3]  At most, Plaintiff alleges that "the claim set forth herein was presented to

---

[2]  The SF-95 form is used by claimants to present claims against the government for damages under the FTCA.

[3]  Defendant filed the SF-95 form for the Court's consideration but failed to attach the medical files Plaintiff submitted along with the SF-95.  (Def.'s Ltr., ECF No. 19.)  Accordingly, Defendant's filing is insufficient for the Court to make a substantive determination with respect to whether Plaintiff exhausted her administrative remedies.

4

the [USPS]" on July 31, 2019, and the government did not pay Plaintiff following the alleged

presentment.  (Compl. ¶ 2.)  Plaintiff's allegation that her claim was "presented" to the USPS is

entirely conclusory and not supported by any factual allegations.  That is, Plaintiff does not

allege that she filed an SF-95 form with USPS nor does she allege that the claim was denied, as

required for Plaintiff to exhaust her administrative remedies.  These defects are fatal to Plaintiff's

claim.  *See, e.g.*, *Vailette III v. Lindsay*, No. 11-CV-3610, 2014 WL 4101513, at *5 (E.D.N.Y.

Aug. 18, 2014.) (dismissing FTCA claim for lack of subject matter jurisdiction in part because

"Plaintiff . . . failed to plead that he filed a Form SF–95 or that he complied with the FTCA's

administrative requirements.").  Accordingly, Plaintiff fails to allege that she exhausted her

administrative remedies prior to initiating this action.  Plaintiff thus has failed to establish that

the Court has subject matter jurisdiction over her claim, and dismissal of her complaint is

appropriate.[4]  However, Plaintiff's request for leave to amend her complaint to correct this

jurisdictional deficiency is granted.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for lack of subject matter

jurisdiction is GRANTED.  Defendant's motion to dismiss, or for summary judgment, with

respect to whether Plaintiff's claim is time barred is DENIED without prejudice; Defendant may

renew its motion on this ground once Plaintiff files an amended complaint.  Plaintiff is

GRANTED leave to amend her complaint to establish that the Court has subject matter

jurisdiction.  Any amended complaint must be filed by May 6, 2022.

---

In any event, as explained below, the Court finds that Plaintiff failed to adequately allege that she exhausted her administrative remedies and that dismissal is appropriate on that basis.

[4] Defendant additionally argues that Plaintiff's claims are time-barred.  (PMC Ltr. at 2.)  Because the Court has determined that it does not have subject matter jurisdiction, the Court may not rule on whether Plaintiff's claim is time barred. *See, e.g.*, *Emiabata v. Farmers Ins. Corp.*, 848 F. App'x 27, 29 (2d Cir. 2021) ("It is axiomatic that federal courts must "verify the existence of subject-matter jurisdiction before proceeding to the merits.").

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2022

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge