UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STACEY MORTILLARO,

                      Plaintiff,

v.

UNITED STATES OF AMERICA,

                      Defendant.

**MEMORANDUM AND ORDER**

2:21-CV-00852 (LDH) (LGD)

LaSHANN DeARCY HALL, United States District Judge:

      Stacey Mortillaro ("Plaintiff") brings the instant action against the United States of America ("Defendant"), asserting claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671 *et seq.* Defendant moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint in its entirety, or, in the alternative, pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment.

## BACKGROUND[1]

      On June 25, 2019, Plaintiff slipped and fell at a United States Postal Service ("USPS") office in East Northport, New York. (Am. Compl. ¶ 13, ECF No. 21.) According to the complaint, the fall resulted from "dangerous conditions" between the front door and lobby door of the building. (*Id.*) As a result, Plaintiff sustained permanent, serious injuries "including a fractured femur" requiring "extensive surgery and therapy, among other treatment." (*Id.* ¶ 16.) Plaintiff "presented" her claim for damages resulting from the incident to USPS on July 31, 2019. (*Id.* ¶ 2.) Defendant maintains that it denied Plaintiff's claim for payment and mailed her

---

[1] The following facts are taken from the amended complaint (ECF No. 21) and are assumed to be true for purpose of deciding the instant motion.

a notice of denial on June 9, 2020.  (Def.'s Mem. L. in Supp. of Mot. to Dismiss ("Def.'s Mem.") at 1, ECF No. 27.)  Plaintiff commenced this action on February 17, 2021.  (*Id.*)

## STANDARD OF REVIEW

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004).  Where the non-movant bears the burden of proof at trial, the movant's initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim.  *See Celotex Corp.*, 477 U.S. at 325.  Once the movant meets their initial burden, the non-movant may defeat summary judgment only by adducing evidence of specific facts that raise a genuine issue for trial.  *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).  The Court is to believe the evidence of the non-movant and draw all justifiable inferences in her favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts, *Bellsouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

## DISCUSSION

Under the FTCA, a claim is time-barred "unless it is presented in writing to the appropriate [f]ederal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).  As to the

FTCA's six-month time period, the statute of limitations begins to run when the agency mails the denial letter, not when it is received. *See Davis v. Goldstein*, 563 F. App'x 800, 802 (2d Cir. 2014) ("Actual receipt of the notice . . . is not required by statute." (citation omitted)).  Put simply, an individual has six months to file a complaint from the date the agency mails a denial letter.

Defendant argues that Plaintiff's claim must be dismissed as untimely because Plaintiff failed to file the complaint within six months of June 9, 2020, when Defendant maintains it mailed Plaintiff a notice of denial.  (Def.'s Mem. at 2–3.)  In response, Plaintiff contends that Defendant has not established through admissible evidence the Court may consider that it mailed the letter on June 9, 2020.  (Pl.'s Opposition Def.'s Mot. Dismiss ("Pl's Opp'n") at 10–12, ECF No. 30.)  Plaintiff is correct.

Nothing on the face of the complaint suggests when Defendant mailed the denial letter.  Thus, to evaluate Defendant's argument, the Court must consider matters outside of the pleadings.  Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, the Court may consider matters outside the pleadings if the motion to dismiss is instead "treated as one for summary judgment under Rule 56." *See Palin v. New York Times Co.*, 940 F.3d 804, 810–11 (2d Cir. 2019) (quoting Fed. R. Civ. P. 12(d)).  When converting a Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* at 810 (quoting Fed. R. Civ. P. 12(d)).

Here, Plaintiff has been on notice that Defendant intended to move in the alternative for summary judgment since May 28, 2021.  (*See* Def.'s Pre-Mot. Conf. Ltr., ECF No. 11.)  And, Plaintiff had an opportunity to respond to Defendant's motion and present any materials she

3

would have liked the Court to consider. Indeed, "formal notice is not required where a party 'should reasonably have recognized the possibility that the motion might be converted into one for summary judgment [and] was [neither] taken by surprise [nor] deprived of a reasonable opportunity to meet facts outside the pleadings.'" *See Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) (alterations in original) (quoting *Villante v. Dep't of Corrections of City of New York*, 786 F.2d 516, 521 (2d Cir.1986)). Here, Plaintiff herself "cross moves" for summary judgment on the issue of equitable tolling, meaning that she cannot credibly argue at this juncture that she was taken by surprise. (*See* Pl.'s Opp'n at 12–15.) Against this backdrop, and pursuant to Rule 12(d), the Court sees fit to convert Defendant's motion into one for summary judgment. Of course, this determination does not end the Court's inquiry.

Upon review of Defendant's submissions, it is clear that Defendant has failed to provide any evidence that the Court may properly consider. Defendant attached to its motion purported copies of the denial letter and the corresponding certified mail receipt, both reflecting that the letter was mailed on June 9, 2020. (*See* Exs. B, C, Freismuth Decl., ECF Nos. 28-2, 28-3.) Defendant contends that the Court may consider these documents as non-hearsay business records pursuant to Federal Rule of Evidence 803(6). (Def.'s Reply at 9, ECF No. 32.) Perhaps. A record is non-hearsay pursuant to Rule 803(6) where:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of *the custodian* or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

4

    (E)  the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6) (emphasis added).  But here, Defendant has not provided the Court with a business record affidavit, from a custodian with knowledge of Defendant's activities, or a certification, establishing that the requirements of Rule 803(6) have been met.  *See* Fed. R. Evid. 803(6)(D).  Instead, Defendant attaches its purported evidence to a declaration by its counsel, stating that the documents are "true and correct" copies of what they purport to be.  (*See* Freismuth Decl. ¶ 2.)  Accordingly, the documents are plainly hearsay and cannot support Defendant's motion for summary judgment.  *See Perpall v. Pavetek Corp.*, No. 12-CV-336, 2017 WL 1155764, *9 (E.D.N.Y. Mar. 27, 2017) (finding defense counsel's affidavit "incompetent" to establish authenticity and admissibility of medical records on summary judgment, because "the attorney [did] not possess the necessary knowledge to authenticate the [] records under Rule 803(6), nor [did] the affidavit even attempt to attest to any of the Rule 803(6) criteria"); *see also Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 264 (2d Cir.2009) ("[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment" (internal quotation marks and citation omitted)); *Gerzhgorin v. Selfhelp Cmty. Servs., Inc.*, No. 18-CV-4344, 2022 WL 912523, at *8 (E.D.N.Y. Mar. 29, 2022) ("Hearsay that would not be admissible at trial is likewise not competent evidence on a motion for summary judgment" (citing *Sarno v. Douglas Elliman-Gibbons & Ives., Inc.*, 183 F.3d 155, 160 (2d. Cir. 1999))).

Because Defendant has adduced no other evidence that the denial letter was sent on June 9, 2020, it fails to demonstrate that the statute of limitations has lapsed. Consequently, Defendant's motion to dismiss the complaint as time barred is denied.[2]

## CONCLUSION

Defendant's motion to dismiss or, in the alternative, for summary judgment is DENIED, with leave to renew. Within 14 days of the date of this order, Defendant may renew its motion for summary judgment to the extent it is supported by admissible evidence.

SO ORDERED.

Dated: March 31, 2023
      Brooklyn, New York

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge

---

[2] Plaintiff's cross-motion to toll the statute of limitations is DENIED.

6