UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

STACEY MORTILLARO,

                         Plaintiff,

          v.

UNITED STATES OF AMERICA,

                         Defendant.

---

**MEMORANDUM AND ORDER**

2:21-CV-00852 (LDH) (LGD)

---

LASHANN DEARCY HALL, United States District Judge:

Stacey Mortillaro ("Plaintiff") brings this action against the United States of America

("Defendant"), alleging negligence.  Defendant moves pursuant to Rule 56 of the Federal Rules

of Civil Procedure for summary judgment to dismiss Plaintiff's amended complaint in its

entirety.

## BACKGROUND[1]

This suit arises from Plaintiff's allegation that she slipped and fell at a Post Office in East

Northport, New York on June 25, 2019.  (Am. Compl. ¶ 12–13, ECF No. 21.)  On August 5,

2019, Plaintiff submitted an administrative claim to the United States Postal Service ("USPS"),

which USPS denied.  (Pl.'s Resp. 56.1 Stmnt. ("Pl.'s 56.1 Resp.") ¶¶ 1–2, ECF No. 45.)

Harmon, Linder, & Rogowsky represented Plaintiff during the administrative claim process.[2]

(*Id.* ¶ 4.)  On June 9, 2020, USPS mailed the denial letter to Plaintiff's counsel via Certified

Mail, Return Receipt Requested.  (Decl. Kimberly Herbst, Ex. B, ECF No. 43.)  Plaintiff

---

[1] The following facts are undisputed unless otherwise noted.  Further, facts that were not contradicted by citations to admissible evidence are deemed admitted.  *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.").

[2] The same firm represents Plaintiff in this litigation.

commenced this action on February 17, 2021, (ECF No. 1), and filed an amended complaint on April 12, 2022.  (ECF No. 21.)

## STANDARD OF REVIEW

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movants bear the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004).

Where the non-movant bears the burden of proof at trial, the movant's initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim.  *See Celotex Corp.*, 477 U.S. at 325.  "But where the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (emphasis omitted) (quoting W. Schwarzer, *Summary Judgment Under The Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487–88 (1984)); *see also Leone v. Owsley*, 810 F.3d 1149, 1153–54 (10th Cir. 2015) (collecting cases).

Once the movant meets her initial burden, the non-moving party may defeat summary judgment only by adducing evidence of specific facts that raise a genuine issue for trial.  *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir.

2002).  The Court is to believe the evidence of the non-movant and draw all justifiable inferences in her favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts.  *Bellsouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

Finally, "[i]n considering motions for summary judgment, a court can consider only admissible evidence."  *Glowczenski v. Taser Int'l, Inc.*, 928 F. Supp. 2d 564, 569 (E.D.N.Y. 2013), *aff'd in part, dismissed in part*, 594 F. App'x 723 (2d Cir. 2014) (citing *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997)).  "The rules governing the admissibility of evidence on a summary judgment motion are the same as those governing admissibility at trial, and the district court has broad discretion in choosing whether to admit evidence."  *Id.*

## DISCUSSION

Before initiating a lawsuit under the Federal Tort Claims Act ("FTCA"), a claimant must first present his or her claim to the appropriate federal agency, which is given an opportunity to grant or deny the claim.  28 U.S.C. § 2675(a) ("An action shall not be instituted . . . [u]nless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."); *Hardie v. United States*, 501 F. Supp. 3d 152, 157–58 (E.D.N.Y. 2020), *aff'd*, 859 F. App'x 612 (2d Cir. 2021) ("Printed, metaphorically, in bold, large black-letter type is a procedural precondition that every FTCA claimant first present his or her claim to the appropriate federal agency, which is given an opportunity to first grant or deny the claim.").  This administrative exhaustion requirement is jurisdictional and cannot be waived.  *Hardie*, 501 F. Supp. 3d at 158. Plaintiff bears the burden to demonstrate subject matter jurisdiction in compliance with the FTCA's requirements.  *Id.*

3

Lawsuits brought under the FTCA are subject to two limitations periods:  first, a tort claim must be presented to the appropriate federal agency within two years of its accrual following the injury; second, the subsequent federal action must be commenced within six months after the agency mails a notice of final denial of the claim.  *Appolon v. United States*, No. 16-CV-2275 (SJ) (SMG), 2017 WL 3994925, at *8 (E.D.N.Y. Sept. 6, 2017), *report and recommendation adopted*, No. 16-CV-2275 (SJ) (SMG), 2018 WL 461241 (E.D.N.Y. Jan. 18, 2018).  If either deadline is not met, the claim is "forever barred."  28 U.S.C. § 2401(b).  The six-month limitations period begins to run when the final denial notices are properly mailed, regardless of whether they are received.  *Mohammad v. VA Rooming House*, No. 07-CV-3796 (JG) (LB), 2008 WL 428011, at *4 (E.D.N.Y. Feb. 15, 2008).

Here, Defendant argues that Plaintiff's claim is time-barred based on Plaintiff's delay in initiating this lawsuit after receipt of the USPS administrative denial.  (Def.'s Mem. L. Supp. Renewed Mot. Sum. J. ("Def.'s Mem.") at 3–6, ECF No. 42.)  The Court agrees.  In support of its motion, Defendant submits a correspondence from USPS dated June 9, 2020, which notified Plaintiff—via counsel—that her administrative claim was denied.  (Decl. Kimberly Herbst, Ex. B.)  Defendant also submits a Certified Mail Receipt addressed to Plaintiff's counsel, stamped June 9, 2020, and returned signed.  (*Id.*)  These documents establish that USPS mailed the denial letter on June 9, 2020.  Plaintiff, therefore, was required to initiate this lawsuit by December 9, 2020.  Yet, Plaintiff did not do so until February 17, 2021.  As such, because Plaintiff failed to timely commence this action, her claim is "forever barred."  28 U.S.C. § 2401(b); *see also Burke v. United States Postal Serv.*, No. 19-CV-2539 (MKB), 2020 WL 9816003, at *5 (E.D.N.Y. Sept. 28, 2020) (granting summary judgment where "Plaintiff did not file suit until . . .  well beyond the statutory six-month period, making Plaintiff's claim untimely").

Plaintiff argues that the Court should not even consider the denial letter because it constitutes inadmissible hearsay.  (Pl.'s Mem. L. Opp. Def.'s Renewed Mot. Sum. J. ("Pl.'s Mem.") at 4–7, ECF No. 44.)  In so arguing, Plaintiff claims the letter cannot be a non-hearsay business record because Defendant has not provided the Court with an affidavit from a custodian or equally qualified individual with knowledge of USPS practices or mailing of this particular letter.  (*Id.* at 4–5.)  The Court rejects this argument.

As a threshold matter, although not argued by Defendant, the Court is not all together convinced that the letter even constitutes hearsay.  Defendant has offered the letter to prove when USPS mailed the notice, rather than the truth of any contents within the letter.  Fed. R. Evid. 801(c) (defining hearsay as an out of court statement offered for "truth of the matter asserted"); *see also U.S. Bank Nat. Ass'n v. Ables & Hall Builders*, 696 F. Supp. 2d 428, 435 n.5 (S.D.N.Y. 2010) (overruling hearsay objection where letter was offered "as evidence of the fact that the Bank sent five letters" rather than truth of the matter asserted).  In any event, even if hearsay, the notice qualifies as an admissible business record.  *See* Fed. R. Evid. 803(6).  To authenticate the denial letter, Defendant offers the affidavit of Kimberly A. Herbst, Manager for the Tort Program and Adjudication with the USPS National Tort Center.  (Decl. Kimberly Herbst, ¶ 1.)  Even if Ms. Herbst did not personally draft or mail the denial letter, "[t]he custodian need not have personal knowledge of the actual creation of the document . . . Nor is there any requirement under Rule 803(6) that the records be prepared by the party who has custody of the documents and seeks to introduce them into evidence." *Phoenix Assocs. III v. Stone*, 60 F.3d 95, 101 (2d Cir. 1995) (internal quotation marks and citation omitted) (rejecting the argument that "failure to identify the specific employee responsible for filling out the record proved fatal to its foundation").  Rather, "the person who testifies need only show that he is familiar with the

record-keeping system of the business in question and knows how the records were created." *Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp. 2d 542, 572 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

Here, Ms. Herbst testifies that she has "full access to, and regularly utilize, all [USPS] Law Department records that are maintained on each administrative claim submitted for adjudication to the Postal Service pursuant to the provisions of the [FTCA]."  (Decl. Kimberly Herbst, ¶ 2.)  As such, Ms. Herbst is a qualified witness, and the records attached to her declaration qualify under the business records exception.  *United States v. El Gammal*, 831 F. App'x 539, 543 (2d Cir. 2020) (observing that courts give the term "qualified witness" a "very broad interpretation"); *see also Merrill Lynch Bus. Fin. Servs. Inc. v. Heritage Packaging Corp.*, No. CIV. A. CV-06-3951(DGT), 2007 WL 2815741, at *5 (E.D.N.Y. Sept. 25, 2007) (considering business record on summary judgment where "[t]he fact that [affiant] did not personally prepare the Daily Report does not render the document inadmissible").

Plaintiff also argues that Defendant's motion is premature based on a lack of discovery regarding the documents' authors or from the postal workers who purportedly mailed and delivered them to Plaintiff's counsel.  (Pl.'s Mem. at 8–9.)  Because the Court deems the records admitted, however, no further discovery is needed.  *See Moore v. United States*, 213 F.3d 705, 710 n.3 (D.C. Cir. 2000) (holding that "a district court may deny discovery requests when additional facts are not necessary to resolve the summary judgment motion").

Finally, Plaintiff's counsel denies ever receiving the USPS denial letter or signing the return receipt.  (Pl.'s Mem. at 9.)  Even if true, however, Plaintiff's failure to actually receive the notice does not save her claim.  The FTCA statute of limitations begins to run when the agency mails the denial letter, not when—or even if—the letter is received.  *Hunter v. United States*

*Postal Serv.*, No. 19-CV-2572 (BMC) (PK), 2020 WL 804946, at *2 (E.D.N.Y. Feb. 18, 2020); *see also Pascarella v. United States*, 582 F. Supp. 790, 792 (D. Conn. 1984) ("Actual receipt of the notice by the attorney is not required by the statute."); *Youlo v. United States*, No. 12-cv-3135, 2013 WL 4479199, *at 4 (E.D. Pa. Aug. 21, 2013) ("Plaintiff does not and cannot dispute the fact that the USPS sent the notice of claim denial on June 6, 2011.  Plaintiff only disputes receipt of this notice.  This is not relevant for purposes of determining the limitation periods for the filing of her FTCA claim.").  As such, whether Plaintiff actually received the denial letter is irrelevant to determining whether her claim satisfies the statute of limitations, which here it does not.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York         /s/ LDH
      January 29, 2024         LASHANN DEARCY HALL
                           United States District Judge